[Civ. No. 15810. Second Dist., Div. One. Nov. 14, 1947.]

DOROTHY WESTON, Appellant v. LEONARD KAPLAN et al., Respondents.

Arthur Strock for Appellant.

Ray L. Smith for Respondents.

DORAN, J.—This is an appeal from the judgment following the granting of a motion for a nonsuit.

The action is for damages for breach of contract. Briefly, the complaint alleges in four counts that defendant Kaplan was a partner of defendant Nardoni at the time the memorandum was executed; that Kaplan was acting as the agent of the partnership; or, that "Kaplan was acting as the agent within the scope of his authority as such agent of defendant August Nardoni."

The memorandum of the agreement upon which the action is based is as follows:

"MEMORANDUM OF AGREEMENT

"This memorandum of agreement is entered into between Leonard Kaplan, hereafter called the party of the first part, and Dorothy Weston, hereafter called the party of the second part.

"The party of the first part hereby contracts the party of the second for her exclusive services for motion picture acting, radio, fashion modeling and any and all appearances for commercial purposes. The party of the second part hereby grants permission to the party of the first part to obtain work for her in any of the above renumerated lines of endeavor. The party of the first part shall pay to the party of the second part the sum of one hundred dollars ($100) per week for a period of six months. An option is hereby granted the party of the first part for another six months at the same time.

"L. KAPLAN.
"DOROTHY WESTON.

"Signed this day of June 7 1945
Hollywood, Calif."

It is contended on appeal that "The court erred in granting a dismissal and a nonsuit" for the reasons, it is argued that the memorandum was clear and unambiguous and "the evidence of partnership and other agency relationship, both actual and ostensible, is more than sufficient in law to establish a prima facie case for plaintiff and appellant."

The evidence on the part of plaintiff consisted of the tes-

timony of one witness, the deposition of the plaintiff, one letter and one photograph; on the part of defendants, the deposition of Kaplan. Incidentally, the record reveals that Kaplan is serving a term in San Quentin penitentiary.

Defendant Kaplan was not represented by counsel at the trial.

At the close of plaintiff's case defendant Nardoni made the motion for a nonsuit. In connection with the disposition of the motion the trial judge remarked, "I don't think that contract will support a judgment. I think I will have to stand on a nonsuit as to Kaplan too. I don't feel that I would be doing the right thing to say that it was a valid and binding contract and meant anything at all; that it was enforceable or had any mutuality between the parties to it. It will be so ordered."

The trial judge's conclusions are supported by the record. There was no evidence tending to establish "a prima facie case," as contended for by appellant. The so-called contract, so far as appellant is concerned, merely "grants permission to the party of the first part to obtain work for her." There is no agreement on the part of Dorothy Weston to accept the employment or to do the work nor indeed, is there any promise on the part of Dorothy Weston to do anything.

The judgment is affirmed.

York, P. J., and White, J., concurred.